Shauck, C. J.
It is conceded that the judgments below are right unless the facts alleged in the petition bring the case within the amendment of Section 845 of the Revised Statutes, passed April 13, 1894 (91 O. L., page 142), creating and defining a liability of the county commissioners for negligence. Prior to that date it was recognized as established by repeated decisions that there was no such liability on the commissioners or the county for any negligence of the commissioners. A limited liability was then imposed by the amendment of the statute defining the duties and powers of the commissioners, the pertinent portion of the amendment being: “And any such board of county commissioners shall be liable in its official capacity for any damages received by reason of its negligence or carelessness in keeping any such road or bridge in proper repair.” The scope of this amendment was under consideration in The Board of County Commissioners of Morgan County v. The Marietta Transfer & Storage Company, ante, 244, where it was held, for obvious reasons, that, the amendment is within the rule that statutes in derogation of the common law should not be extended beyond the plain meaning of their terms. Without repeating what was there said in support of that view it may be taken as the correct view of the scope of this amendment. The liability which the legislature has created is for negligence or carelessness in keeping a road or *480 bridge in proper repair. No broader effect can be given to the amendment without disregarding the rule stated.
The petition contains no allegation that either the road or bridge was out of repair or in a defective condition, unless we depart from the established rules of pleading and give effect to an averment which is plainly argumentative. The fact alleged against the commissioners is simply that they caused to be piled upon either side of the roadway the stones at which the plaintiff’s horse took fright. There is no legal significance in the averment that they “thereby rendered said highway out of repair.” The act alleged is therefore not within the plain, natural meaning of the words which the legisature has employed to indicate the enlargement of the commissioners’ liability which it intended.
The rule by which courts must ascertain the scope of statutes in derogation of the common law excludes all conjecture respecting the legislative intent. Even if it were not so we could not conjecture that the makers of the statute would have included the present case within the liability created if the case had been in their minds.' It may be assumed that the commissioners had collected these stones for the repair of the bridge and roadway in the proper discharge of the duty which the statute laid upon them. It is sufficient that no averment of the petition excludes that assumption. It would not be respectful to the legislature to assume that it intended that while the commissioners are engaged in the discharge of that duty the taxpayers of the county should be insurers of the lives and limbs of those *481 who forget or ignore the long and well-known fact that “a horse is a vain thing for safety.” All the averments of the petition should be considered together, and the allegation 'that the horse which the plaintiff drove was gentle will not mislead if regarded in the light of what is alleged to have occurred.

Judgment affirmed.

Price, Crew, Summers, Spear and Davis, JJ., concur.